## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

# eLAWnj•com

**PEDROSO LEGAL SERVICES** LLC
8 WILSON AVE., 3RD FL.
NEWARK, NEW JERSEY 07105
(973) 522-1100
Attorney for Plaintiff(s)
File# 214303911
Attorney ID: 034381996

**JOAQUIM AMBROZIO &**
**MARIA AMBROZIO**, his wife,

    *Plaintiff,*

vs.

**TAP AIR PORTUGAL,**

    *Defendants.*

CIVIL  ACTION

DOCKET No.:

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

NOW COMES Plaintiff(s) JOAQUIM AMBROZIO and MARIA AMBROZIO, by and through their attorney, Filipe Pedroso, Esq., of Pedroso Legal Services LLC, and for their Complaint against Defendant TAP Air Portugal hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disability Act, 42 U.S.C. §12101, *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act"), and the Persons With Disabilities Civil Rights Act, M.C.L. §37.1101, *et seq.* ("PDCRA").

2. This Court has jurisdiction pursuant to the following statutes:

a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims;

d. 28 U.S.C. §1332, which gives the district courts original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the Plaintiff is a United States citizen permanently residing in Elizabeth, New Jersey, an area that is within this district.

## PARTIES

4. Plaintiff is a citizen of the United States, and resides and is domiciled in the County of Essex, State of New Jersey, which is in this judicial district.

5. Defendant TAP Air Portugal is the flag carrier airline of Portugal, headquartered at Lisbon Airport, with an office at 263 Lafayette Street #3, Newark, New Jersey 07105.

## GENERAL ALLEGATIONS

1. Plaintiffs JOAQUIM AMBROZIO and MARIA AMBROZIO are husband and wife, and are citizens of the United States of America. During all the times relevant in this matter, Plaintiffs resided at 921 Jefferson Avenue, 2nd Floor, in the City of Elizabeth, County of Union, and State of New Jersey.

2. Defendant TAP Air Portugal is the flag air-carrier of the Country of Portugal with its headquarters located at Lisbon Portela Airport in Lisbon, Portugal, with a mailing address of TAP Air Portugal, Aeroporto de Lisboa 1704-801, Lisboa, Portugal. TAP Air Portugal operates almost 2,000 flights a week to 88 destinations in 38 countries worldwide, including to and from the United States.

3. Defendant TAP Air Portugal maintains a "General Sales Office", as is self-described by Defendant in its website **flytap.com**, located at 263 Lafayette Street, 3rd Floor, Newark, New Jersey 07105.

4. On March 24, 2015, the Plaintiffs purchased two-way tickets from Principle Associates, a travel agency located in Elizabeth, Union County, State of New Jersey, for a travel

itinerary as follows: (i) Travel from Newark Liberty International Airport (EWR) to Porto International Airport (OPO) on TAP Air Portugal on May 28, 2015, flight TP216; and, return back home (ii) travel from Porto International Airport (OPO) to Newark Liberty International Airport (EWR) on TAP Air Portugal on July 13, 2015, flight TP219.

5.      On May 28, 2015, the Plaintiffs did fly on Defendant's airline, flight TP216, from Newark, New Jersey, to Porto International Airport (a/k/a Francisco de Sá Carneiro Airport) in Porto, Portugal. From henceforth, Newark Liberty International Airport shall also be described as "EWR", and Porto International Airport (a/k/a Francisco de Sá Carneiro Airport) shall also be described as "OPO".

6. The Plaintiffs spent time traveling in Portugal from May 28 to July 13, 2015.

7. While in Portugal, on or about June 18, 2015, Plaintiff Joaquim Ambrozio did sustain an injury to his wrist by incurring a fracture to his left wrist. His lower arm, wrist and hand were therefore placed in a hard-cast.

8. On July 13, 2015, the Plaintiffs returned to OPO intending to board their flight.

9. When at the check-in counter with a Defendant representative, the Plaintiff Joaquim Ambrozio was instructed to remove the cast in order to complete the check-in and to be allowed to board the airplane.

10. Plaintiffs explained to the Defendant's representative that such request was not possible, and explained the medical circumstances about the Plaintiff Joaquim Ambrozio.

11. The Defendant's representative continued to insist, and demanded the removal of the cast, stating that Plaintiff would not otherwise be allowed to continue with the check-in process.

12. Shocked and in disbelief, the Plaintiffs and other passengers in the line for the check-in at Defendant's counter, did proceed with assisting Plaintiff Joaquim Ambrozio with removing the cast.

13. In order to accomplish this task, the Plaintiffs were assisted by other people who were also looking to board the flight, and an airport food convenience store who provided a knife, and then the Plaintiff Joaquim Ambrozio's cast was removed.

14. In this ruckus and excitement of rushing around trying to help her husband Plaintiff Joaquim Ambrozio, the Plaintiff Maria Amborzio sustained an injury to her right ankle.

15. After the cast removed, with his injured arm exposed and bones not fully healed, Plaintiffs re-approached the check-in counter and their paperwork was processed to continue the boarding of the flight from OPO to EWR.

16. Plaintiff Joaquim Ambrozio traveled in flight TP219 with his injured arm without proper support, thereby aggravating, exacerbating, and increasing his medical injury.

17. Upon Plaintiff Joaquim Ambrozio's return to the United States, he was promptly examined by a doctor. Plaintiff Joaquim Ambrozio was re-casted, and continued to use the cast until its removal on August 11, 2015.

18. From then onward, Plaintiff continued with treatment and physical therapy. He continues to feel pain and suffering, and limitation of motion to the injury location.

19. Upon her return to the United States, the Plaintiff Maria Ambrozio was examined and treated for her ankle injury. She continues to feel pain and suffering, and limitation of motion to injury location.

## COUNT I
## PERSONAL INJURY

20. Defendant TAP Air Portugal is responsible for the acts of its employees, agents and/or servants.

21. Defendant TAP Air Portugal and its employees had a duty to exercise due care.

22. Employee(s), agent(s) and/or servant(s) of Defendant TAP Air Portugal breached his/her/their duty of care by negligently in act(s) and/or omission(s) as previously described.

23. Defendant TAP Air Portugal negligently trained and hired its employees, so that the subject employee(s) engaged in such careless, negligent and reckless conduct previously described.

24. As a direct result of the negligence, carelessness and reckless conduct of the Defendant, and through Defendant's employee(s), agent(s) and/or servant(s), the Plaintiff has been caused to suffer bodily injury, extreme physical pain and suffering, emotional distress, mental anguish,  and loss of the pleasures of life. He has suffered great pain of mind and body and will continue to so suffer in the future. He has been prevented from attending to his normal and usual activities. He continues to so suffer to this day, and will suffer permanent consequences for the rest of his life.

## COUNT II
## MONTREAL CONVENTION

25. The allegations of each and every paragraph in the proceedings sections of this Complaint are repeated herein as if same were set forth herein in length.

26. The Montreal Convention is a treaty of the United States, effective November 4, 2003, which governs the rights and liabilities of international air carriers and passengers. The Montreal Convention covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." MC Art. 1(1). Liability for personal injury is governed by Article 17.

27. The check-in process is embodied within the embarking practice.

28. Plaintiff sustained an injury during the embarking process and continued through the flight, exacerbated throughout the flight, and therefore covered within the Montreal Convention.

29. Therefore, defendant TAP Air Portugal is strictly liable for any damages to the Plaintiff.

30. The injury so sustained by the Plaintiff was due to its or its agent(s)' negligence or other wrongful acts or omissions, thereby subjecting the defendant TAP Air Portugal to liability without any specific cap amount.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983

31. The allegations of each and every paragraph in the proceedings sections of this Complaint are repeated herein as if same were set forth herein in length.

32. Defendant has deprived Plaintiff of his federal constitutional and/or statutory rights by failing and refusing to provide Plaintiff with equal treatment and access to the airline flight TP219.

33. Defendant has acted under the color of state law when Defendant deprived Plaintiff of his federal rights, property interests and otherwise discriminated against Plaintiff based upon Plaintiff's disability as previously described.

34. As a direct and proximate result of Defendant's violation of 42 U.S.C. §1983, Plaintiff has sustained injuries and damages as previously stated.

## COUNT IV
## DISCRIMINATION BASED ON DISABILITY (Title III of ADA)

35. The allegations of each and every paragraph in the proceedings sections of this Complaint are repeated herein as if same were set forth herein in length.

36. The physical condition of Plaintiff as previously described when attempted to check-in to the airline was so that Plaintiff was considered disabled within the context of the Americans with Disability Act (ADA).

37. Defendant TAP Air Portugal maintains, as an owner, lessor, or operator, and operates a public terminal for the purposes of communicating and engaging in the business of air travel at OPO.

38. Defendant TAP Air Portugal is engaged in commerce as defined by 42 U.S.C. §12181(1).

39. Defendant TAP Air Portugal operates a commercial facility at OPO as defined by 42 U.S.C. §12181(2).

40. The facility operated by Defendant TAP Air Portugal at OPO where the egregious conduct of Defendant and its agents, servants or employees occurred is a terminal, depot or other station for public transportation as defined by 42 U.S.C. §12181(7)(G).

41. Defendant TAP Air Portugal deprived Plaintiff of his Title III of ADA rights by discriminating against Plaintiff in the manner previously described.

42. As a direct and proximate result of Defendant's violation of 42 U.S.C. §1983, Plaintiff has sustained injuries and damages as previously stated.

## COUNT V
## DISCRIMINATION BASED ON DISABILITY (PDCRA)

43. The allegations of each and every paragraph in the proceedings sections of this Complaint are repeated herein as if same were set forth herein in length.

44. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

45. Plaintiff's disabilities that substantially limits one or more major life activities unrelated to his ability to utilize and benefit from a place of public accommodation or public service, constitute a *disability* by and within the meaning of the PDCRA, M.C.L. §37.1103(d).

46. Defendant violated the PDCRA, M.C.L. §37.1302, by discriminating against Plaintiff upon his physical limitations and condition, including, without limitation, the denying Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a public service because of a disability that is unrelated to Plaintiff's ability

to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by Plaintiff of adaptive devices or aids (M.C.L. §37.1302(a)).

47. Plaintiff's *disability* was a determining factor in Defendant's decision to deny and preclude Plaintiff from being treated equally in the process outlined above.

48. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

## COUNT VI
## LOSS OF CONSORTIUM (WIFE)

49. The allegations of each and every paragraph in the proceedings sections of this Complaint are repeated herein as if same were set forth herein in length.

50. The Plaintiff MARIA AMBROZIO was and is the legal wife of the Plaintiff Joaquim Ambrozio on all relevant dates of the incident(s) described in this Complaint.

51. As a result of the injuries sustained to Plaintiff Joaquim Ambrozio, the Plaintiff Maria Ambrozio has been damaged by Defendant for loss of services, loss of financial support, and loss of the relationship between husband and wife, due to the husband's inability to so engage in these services as a result as a direct cause of the incident(s) described in this Complaint.

52. Therefore, Plaintiff MARIA AMBROZIO is entitled to a separate and independent claim against Defendant for the loss of consortium she suffered, and continues to suffer, as a

result of the incident, negligence, carelessness, and recklessness of Defendant towards the Plaintiff Joaquim Ambrozio.

**WHEREFORE**, Plaintiffs, jointly and severely, request(s) that this Court enter judgment against Defendant providing the following relief:

(a) Compensatory damages in whatever amount in excess of $2,500,000.00, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive/exemplary damages against Defendant in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order enjoining/restraining Defendant from further acts of discrimination or retaliation;

(d) An award of interest, costs, and reasonable attorney's fees;

(e) Any and all other remedies provided pursuant to 42 U.S.C. §1983, the Federal Medicaid statute and regulations, the ADA, the Rehabilitation Act and the PDCRA;

(f) Take other appropriate nondiscriminatory measurers to overcome the above described discrimination; and

(g) Such further relief as the Court may deem equitable and just.

## TRIAL COUNSEL DESIGNATION

Filipe Pedroso, Esq., is hereby designated trial counsel in this matter.

## JURY TRIAL

Plaintiffs hereby demand a jury trial.


PEDROSO LEGAL SERVICES LLC
Attorney(s) for Defendant/Counterclaimant

Dated: October 13, 2016                    By:  _____
                                                Filipe Pedroso
                                                NJ Bar # 034381996
                                                Pedroso Legal Services
                                                8 Wilson Avenue #3
                                                Newark, NJ 07105
                                                T: 973-522-1100
                                                F: 973-522-1748
                                                pedrosoesq@elawnj.com