UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOAQUIM AMBROZIO AND MARIA AMBROZIO,

        PLAINTIFFS,

V.

TRANSPORTES AEREOS PORTUGUESES S.A. (TAP AIR PORTUGAL),

        DEFENDANT.

Civil Action No. 16-CV-07561 (ES)(JAD)

Honorable Joseph A. Dickson

**JOINT DISCOVERY PLAN**

---

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

   **Nature of the Case**

   This is a lawsuit by Plaintiffs Joaquim Ambrozio and Maria Ambrozio against Defendant TAP Aereos Portugueses S.A. ("TAP") for damages they allegedly sustained when Mr. Ambrozio was not permitted to check in at Porto Airport on July 13, 2015 for TAP flight 219 from Portugal to Newark, because he was wearing a hard cast on his wrist. Mr. Ambrozio, who had broken his wrist approximately four weeks earlier, alleges that a check-in agent told him that he would be permitted to travel only if he had the cast removed. Thereafter, Plaintiffs allegedly unsuccessfully attempted to have the cast removed at the airport infirmary. Subsequently, the same agent told him to cut off the cast himself. Plaintiffs thereafter obtained a serrated knife from an airport cafeteria and removed the cast. Plaintiffs then were permitted to check-in and subsequently boarded their flight.

   **Causes of Action**

   In their First Amended Complaint, Plaintiffs have asserted causes of action for absolute liability under the Montreal Convention and for negligence under the common law. *See* Plaintiffs' First Amended Complaint, ¶¶ 27 – 39 [D.E. 13]. They have alleged that the TAP agent's conduct in taking their passports and refusing to allow them to proceed onto the aircraft while Mr. Ambrozio's arm was in a cast was an "accident" within the meaning of the Convention for the Unification of Certain Rules Relating to International Carriage by Air, May 29, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45 (the "Montreal Convention"), insofar as it was an unusual or unexpected event or happening that was external to a passenger and that constituted a link in the chain of causes that resulted in their injuries. In the First Amended Complaint,

Plaintiffs assert that as a result of the conduct of the TAP agent who directed Mr. Ambrozio to remove his cast, both Mr. and Mrs. Ambrozio suffered physical and psychological injuries. *See id.*, ¶¶ 28 – 26, 39 – 46.  They also allege that (1) TAP breached the duty of care it owed them by negligently hiring, training and supervising its officers, agents, employees and servants and (2) that TAP is responsible for the negligence of its officers, agents, employees and servants. *See id.*, ¶¶ 49 – 53, 55 – 59.

**<u>Affirmative Defenses</u>**

TAP asserts a number of Affirmative Defenses.  *See* Answer to Plaintiffs' First Amended Complaint, at ¶¶ 60-80.  [D.E. 19]  The gravamen of TAP's defense is that: (1) Plaintiffs' claims for permanent physical and psychological injuries have, at best, a highly tenuous connection to the alleged incident; and (2) Plaintiff Maria Ambrozio's claimed injuries were not proximately caused by the alleged incident.  In addition, Plaintiffs' decision to remove the cast rather than to raise the check-in agent's alleged conduct with a supervisor raises issues of comparative negligence, which could bar or, alternatively, diminish any potential recovery.

2. **Have settlement discussions taken place?**  Yes __X__   No _____

   **If so, when?** Two times over the last few months, including most recently during the parties' Rule 26(f) Conference on September 5, 2017.

   (a) **What was plaintiffs' last demand?**

   (1) Monetary demand: $ 300,000
   (2) Non-monetary demand: None.

   (b) **What was defendant's last offer?**

   (1) Monetary offer:     None.
   (2) Non-monetary offer:  None.

3. **The parties <u>have not</u> exchanged the information required by <u>Fed. R. Civ. P. 26(a)(l)</u>. If not, state the reason therefor.**

   The parties intend to exchange this information on or before September 19, 2017.

4. **Describe any discovery conducted other than the above disclosures.**

   Plaintiffs informally provided medical records for Mr. and Mrs. Ambrozio to TAP prior to formal discovery to attempt to facilitate settlement discussions.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of**

       **discovery.  Include any jurisdictional Motions and Motions to Amend.**

       Subject to the facts obtained in discovery, TAP may seek to file a choice of law motion as to the applicability of Portuguese law to this action.

6. **The parties propose the following:**

    (a) **Discovery is needed on the following subjects:**

    - The facts and circumstances surrounding the alleged incident and TAP's response to the alleged incident;
    - The location within the airport of the subject incident and the parties' activity at the time of the alleged incident;
    - The identities of TAP officers, agents, employees and servants or other individuals who may have been present and witnessed the alleged incident;
    - The existence of any photographic or video footage documenting the alleged incident; Plaintiffs' medical treatment before and after the alleged incident; and
    - Expert medical discovery concerning the nature, extent and cause of Plaintiffs' alleged injuries.

    (b) **Should discovery be conducted in phases?** No.  **If so, explain.**

    (c) **Number of Interrogatories by each party to each other party:** Absent leave of court as contemplated by Rule 33(a)(1) of the Federal Rules of Civil Procedure, each party is limited to twenty-five (25) Interrogatories.

    (d) **Number of Depositions to be taken by each party:** Absent leave of court as contemplated by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure, each party is limited to ten (10) depositions.

    (e) **Plaintiffs' expert report due:** May 7, 2018.

    (f) **Defendant's expert report due:** June 11, 2018.

    (g) **Motions to Amend or to Add Parties to be filed by:** January 12, 2018.

    (h) **Dispositive motions to be served within 30 days of completion of expert discovery.**

    (i) **Factual discovery to be completed by:** April 13, 2018.

    (j) **Expert discovery to be completed by:** July 23, 2018.

    (k) **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:** None at this time.

       (1)     **A pretrial conference may take place on:** July 31, 2018.

       (m)    **Trial by jury or non-jury Trial?** Jury trial.

       (n)     **Trial date:** September 17, 2018.

7. **Do you anticipate any discovery problem(s)?** Yes _____ No __X__
   **If so, explain.**

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?** Yes __X__ No \_\_\_\_\_.
   **If so, explain.**

   It may be necessary to conduct non-party discovery in Portugal, which could complicate the parties' attempts to complete fact discovery within the proposed time period and is built into the proposed schedule. If it becomes apparent that such discovery could cause additional delay, the parties will promptly raise any related issue with the Court.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   The parties agree that this case is appropriate for early mediation pursuant to L.R. 301.1, and the parties request that the Court refer this case for mediation at this time.

10. **Is this case appropriate for bifurcation?** Yes \_\_\_\_ No \_\_\_\_\_.

    Plaintiffs do not believe this case is appropriate for bifurcation. Subject to the facts obtained in discovery, TAP believes this case may be appropriate for bifurcation, including potentially reverse bifurcation.

11.     **We do not consent to the trial being conducted by a Magistrate Judge.**

Dated:  September 15, 2017

        By  /s/   Diane L. Cardoso
           Diane L. Cardoso
           dcardoso@javerbaumwurgaft.com
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
505 Morris Avenue
Springfield, New Jersey 07801
(973) 379-4200

-   and   -

Megan Wolfe Benett
mbenett@kreindler.com
KREINDLER & KREINDLER, LLP
750 Third Avenue
New York, New York 10017
(212) 687-8181

Attorneys for Plaintiffs
*JOAQUIM AMBROZIO and MARIA AMBROZIO*

By  /s/    Marissa N. Lefland
     Marissa N. Lefland (ML5375)
     mlefland@condonlaw.com
     Jonathan E. DeMay (*pro hac vice*)
     jdemay@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square
18th Floor
New York, New York  10036
(212) 490-9100

Attorneys for Defendant
*TRANSPORTES AEREOS PORTUGUESES, S.A.*